UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| STANLEY PRINCE, | ) |
| | ) |
| Movant, | ) |
| | ) |
| vs. | ) |
| | ) No. 4:05 CV 506 ERW |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

**MEMORANDUM AND ORDER**

This matter comes before the Court upon Stanley Prince's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [doc #1].

**I.    BACKGROUND FACTS**

On January 29, 2004, Movant was indicted by a Grand Jury in the Eastern District of Missouri. The indictment charged in Count One that on or about January 27, 2004, having been previously convicted on June 12, 1991 of the offense of Unlawful Possession of a Concealable Weapon, Movant did knowingly possess one or more firearms in violation of 18 U.S.C. § 922(g)(1). Count Two of the indictment charged that on or about January 27, 2004, Movant knowingly possessed, with the intent to distribute, a mixture or substance containing a detectable amount of heroin, a Schedule I controlled substance, in violation of 21 U.S.C. § 841(a)(1). On April 1, 2004, Movant pled guilty to both counts. At the time of his plea, Movant entered into a written Plea Agreement, Guidelines, Recommendations and Stipulations with the Government, which was filed with the Court. At the sentencing hearing on June 15, 2004, Movant was sentenced to a term of 188 months imprisonment. Movant agreed to

1

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

waive all rights to appeal. *See* Plea Agmt at 2.[1]

On November 1, 2004, Movant filed the instant Motion. In his Motion, Movant states four grounds for relief. In Ground One, Movant states that the indictment was missing an essential element in that it failed to specify the quantity of drugs involved. In Ground Two, Movant claims that the indictment was defective because it did not charge the essential element of a separate aggravated crime. In Ground Three, Movant states that his Fifth and Sixth Amendment rights were violated. First, Movant contends that he was denied his right to a grand jury indictment charging each element of the offense (i.e. the quantity of the drugs involved and the separate aggravated crime).[2] Second, Movant claims that he was denied the right to a trial by jury on the issue of his prior convictions, used as a sentence enhancement, and on the issue of the quantity of drugs. In Ground Four, Movant states that he was denied effective assistance of counsel because his attorney failed to make the above-referenced arguments.

## II. STANDARDS FOR RELIEF UNDER 28 U.S.C. § 2255

Pursuant to 28 U.S.C. § 2255, a federal prisoner may seek relief from a sentence imposed against him on the grounds that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such a sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to a collateral attack." 28 U.S.C. § 2255. The Court must hold an evidentiary hearing to consider claims in a 28 U.S.C. § 2255 motion "'[u]nless the motion and files and records of the case conclusively show that

---

[1] Movant waived all of his appellate rights to contest his conviction or sentence, including his right to contest the conviction in a motion brought under 28 U.S.C. § 2255, except for claims of prosecutorial misconduct or ineffective assistance of counsel.

[2] This argument is essentially the same as the argument in Grounds One and Two.

2

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

the prisoner is not entitled to relief.'" *Shaw v. United States*, 24 F.3d 1040, 1043 (8th. Cir. 1994) (quoting 28 U.S.C. § 2255). Thus, a "petitioner is entitled to an evidentiary hearing 'when the facts alleged, if true, would entitle [petitioner] to relief.'" *Payne v. United States*, 78 F.3d 343, 347 (8th Cir. 1996) (quoting *Wade v. Armontrout*, 798 F.2d 304, 306 (8th Cir. 1986)). The Court may dismiss a claim "without an evidentiary hearing if the claim is inadequate on its face or if the record affirmatively refutes the factual assertions upon which it is based." *Shaw,* 24 F.3d at 1043.

## III. DISCUSSION

The Court initially notes that Movant's claims can be conclusively determined upon the Motion, files and records of the case. Therefore, no evidentiary hearing will be held. *See Shaw,* 24 F.3d at 1043.

### A. Waiver of Rights to Appeal

When a defendant waives his appeal and post-conviction relief rights in his plea agreement, the waiver will be enforced if it was knowingly and voluntarily made. *See United States v. Morrison,* 171 F.3d 567, 568 (8th Cir. 1999). However, if a petitioner argues that, due to ineffective assistance of counsel, the plea and waiver themselves were not knowing and voluntary, the § 2255 claims will not be barred. *DeRoo v. United States,* 223 F.3d 919, 923-24 (8th Cir. 2000).

Movant's Plea Agreement states that he waived his right to appeal all non-jurisdictional issues, including his right to contest his conviction or sentence in a motion pursuant to 28 U.S.C. § 2255, except for claims for prosecutorial misconduct or ineffective assistance of counsel. Additionally, Movant reserved his right to appeal from any downward or upward departure from the Guidelines range. *See* Plea Agmt at 2. Petitioner acknowledged his understanding of the waiver of his rights:

> THE COURT: Now, by signing this agreement, Mr. Prince, you have waived some of your appellate rights. If I would try at the time of sentencing to sentence you upward or beyond

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

the Guideline range, you reserve the right to appeal that decision. Do you understand?

MOVANT: Yes, sir, I do.

THE COURT: This agreement also provides that you waive all rights to contest the conviction or sentence in any post-conviction proceeding, including one under Title 28 United States Code Section 2255, except for claims of prosecutorial misconduct or ineffective assistance of counsel at the time of sentencing. As to those reserved rights, you will still have the right to appeal, but unless those rights are reserved herein, all of your other appellate rights are waived. Do you know that?

MOVANT: Yes, Sir.

Tr. p. 19, 1. 9-25 - p. 20, 1. 1-7. Movant acknowledged that he read in its entirety, and discussed fully with his attorney, the Plea Agreement, Guidelines, Recommendations and Stipulations, which contains the waiver of rights, before he signed it. Tr. p. 12, 1. 21-25 - p. 13, 1. 1-6. He stated that he understood "all the terms of the agreement." Tr. p. 13, 1. 17-19. This is demonstrated by the record:

THE COURT: I've been supplied, Mr. Prince with a document called Plea Agreement, Guidelines, Recommendations and Stipulations. I'm going to ask Mr. Liddy to produce page 14 to see if your signature appears there.

MOVANT: Yes; yes, Your Honor

THE COURT: Have you had an opportunity to read this document in its entirety before you signed it?

MOVANT: Yes, I did, Your Honor.

THE COURT: Have you had an opportunity to discuss it fully with Ms. Ridings before you signed it?

MOVANT: Yes, I did, Your Honor.

THE COURT: Do you believe you understand all of the terms of this agreement?

MOVANT: Yes, I do.

Tr. p. 12, 1. 21-25 - p. 13, 1. 1-6. - p. 13, 1. 17-19. Furthermore, the transcript from the plea hearing demonstrates that the Movant knowingly and voluntarily waived his rights:

4

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

> THE COURT: All right, have you understood all the questions I asked you here today?
>
> MOVANT: Yes, sir.
>
> THE COURT: Have you answered all of them truthfully and honestly?
>
> MOVANT: Yes, sir.
>
> THE COURT: Do you have any questions to ask of me at this time?
>
> MOVANT: No, sir.
>
> THE COURT: The Court finds that in the case of the United States of America versus Mr. Stanley Prince, case number 4:04-CR-056-ERW that the Defendant is fully competent and capable of entering an informed plea, that he is aware of the nature of the charge and the consequences of his plea, that the plea of guilty is a knowing and voluntary plea made willingly and intelligently, supported by independent factual basis containing each of the essential elements of the offense. The plea is accepted and the Defendant is found guilty of the offense as charged.

Tr. p. 21, 1. 9-25 - p. 22, 1. 1.

Grounds One through Three focus on the issue of a defective indictment. Pursuant to Movant's plea of guilty, he waived his right to challenge his conviction or sentence, pursuant to a § 2255 motion, or otherwise. Perhaps in an attempt to persuade the Court that the waiver should not be enforced, Movant includes in his memorandum a single conclusory statement that his plea was not knowingly and voluntarily made. He does not state any factual basis for his conclusion. Moreover, as is clear from the above-quoted change of plea proceedings, Movant voluntarily and knowingly waived his rights.[3] Therefore, Movant's possible claims are limited to challenges to an upward or

---

[3] Movant's conclusory assertion that his plea was not knowing and voluntary could also be construed as an independent ground for relief. Even if Movant had supported his assertion with some factual explanation, it would nonetheless fail. The issue of the plea's validity is procedurally defaulted unless Movant can demonstrate cause and prejudice to excuse his procedural default. *Walker v. United States,* 115 F.3d 603, 605 (8th Cir. 1997). Movant has put forth no facts that might excuse his procedural default.

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

downward departure from the Guidelines, challenges regarding ineffective assistance of counsel, and prosecutorial misconduct. Movant's grounds for relief in Grounds One through Three do not make challenges to departures in sentencing, the effectiveness of counsel, or prosecutorial misconduct. Thus, because Movant's Grounds One through Three challenge the indictment and sentence, and Movant knowingly and voluntarily waived his right to make such a challenge, those grounds cannot provide a basis for the relief Movant seeks.

    B.    <u>Procedural Default</u>

Section 2255 claims may be limited by procedural default. A movant cannot raise a non-constitutional or non-jurisdictional issue in a § 2255 Motion if the issue could have been raised on direct appeal, but was not. 28 U.S.C § 2255. Furthermore, even constitutional or jurisdictional claims not raised on direct appeal are procedurally defaulted unless the movant can demonstrate either cause for the default and actual prejudice or innocence. *See Bousley v. United States,* 523 U.S. 614, 622 (1998), *cited in United States v. Moss,* 252 F.3d 993, 1001 (8th Cir. 2001). Section 2255 is not intended to serve as a substitute for a direct appeal. *See Peltier v. United States,* 867 F.2d. 1125, 1126 (8th Cir. 1989).

Even if Grounds One through Three were not barred due to Movant's waiver of his right to challenge his conviction and sentence, they would nonetheless be barred by procedural default. Grounds One and Two concern an allegedly defective indictment, a claim that could have been raised on direct appeal, but was not.[4] Movant may not now use his § 2255 Petition as a vehicle for claims that

---

[4] Ground One could be construed as a claim that this Court lacked subject matter jurisdiction due to the defective indictment. This contention fails on two grounds. First, as explained *infra,* the indictment was not defective. Accordingly, the Court had proper jurisdiction. Second, Movant has not demonstrated either cause and prejudice or actual innocence, as required by *Bousley.* Accordingly, his jurisdictional claim is procedurally defaulted.

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

he could have, but did not, raise on direct appeal. Additionally, Movant's Ground Three is procedurally defaulted. Ground Three concerns a constitutional claim that could have been raised on direct appeal. Movant does not allege facts that might demonstrate the requisite cause and prejudice or actual innocence. Accordingly, Grounds One through three are procedurally defaulted and cannot provide a basis for the relief that Movant seeks.

### C. Movant's Grounds for Relief

Movant raises four grounds for relief. The Court has already concluded that Grounds One through Three are barred due to waiver and procedural default. Even if these claims were not waived or procedurally defaulted, they are nonetheless without merit. Although Ground Four is not waived or procedurally defaulted, it is nonetheless without merit and cannot provide a basis for granting Movant the relief that he seeks.

1. *Ground One: Defective Indictment Due to Lack of Drug Quantity*

In Ground One, Movant states that the indictment is defective because it lacked an essential element. Specifically, he argues that the indictment failed to charge him with a specific amount of heroin.[5] Movant argues that he was entitled to have a jury determine, beyond a reasonable doubt, the

---

[5]The indictment contained two counts. Count one stated as follows:

On or about January 27, 2004, in the City of St. Louis, within the Eastern District of Missouri, Stanley Prince, the Defendant herein, having been convited previously on June 12, 1991, in the Circuit Court of the City of St. Louis, Missouri, Cause No.: 911-327 of the offense of Unlawful Possession of a Concealable Weapon, a crime punishable by a term of imprisonment exceeding one year under the laws of the State of Missouri, did knowingly possess one or more of the following firearms, to wit: one .380 caliber, Llama semi-automatic pistol, bearing serial number B77777, and one .38 caliber, Charter Arms Revolver, bearing serial number 690279, said firearms having previously traveled in interstate or foreign commerce. In violation of Title 18, United States Code, Section 922(g)(1).

7

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

specific quantity of drugs attributable to him.

Movant asserts that drug quantity is an essential element required to be charged in the indictment. He bases this argument on his interpretation of *Apprendi v. New York*, 530 U.S. 466, 490 (2000). Movant's argument is misplaced. *Apprendi* holds that any fact that increases the penalty for a crime *beyond the prescribed statutory maximum* must be submitted to a jury and proved beyond a reasonable doubt. *Apprendi,* 530 U.S. at 490 (emphasis added). *Apprendi* does not forbid a district court from finding the existence of sentencing factors, including drug quantity, by a preponderance of the evidence; rather, it prevents courts from imposing sentences greater than the statutory maximum based on such findings. *United States v. Banks,* 340 F.3d 683, 684 (8th Cir. 2003). The quantity of drugs is often treated as a sentencing factor by the courts. *See United States v. Diaz*, 296 F.3d 680, 683 (8th Cir. 2002). Under the Sentencing Guidelines, the quantity of drugs is an issue for the sentencing judge who "may rely solely upon [an undisputed] presentence report for findings." *United States v. Mickelson*, 378 F.3d 810, 821 (8th Cir. 2004). Here, the maximum sentence that could have been imposed for both counts was a maximum of 30 years. Movant's sentence of 188 months did not exceed the statutory maximum. As such, the *Apprendi* rule is not implicated and cannot be relied upon by Movant.[6]

---

Count two stated as follows:

On or about January 27, 2004, in the City of St. Louis, within the Eastern District of Missouri, Stanley Prince, the Defendant herein, did knowingly possess with the intent to distribute a mixture or substance containing a detectable amount of heroin, a Schedule I controlled substance. In violation of Title 21, United States Code, Section 841(a)(1).

[6]The foregoing analysis is not altered by *Blakely v. Washington,* 542 U.S. 296 (2004), or *United States v. Booker,* 125 S.Ct 738 (2005). *Apprendi,* on which *Booker* and *Blakely* are based, specifically states that its holding does not overturn *Almendarez-Torres v. United States,*

8

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

Implicit in Movant's argument of defective indictment is a claim of lack of notice. This argument is without merit. When a defendant pleads guilty, the state is free to seek judicial sentence enhancements so long as the defendant stipulates to the relevant facts. *Blakely v. Washington*, 542 U.S. 296, 124 (2004). Here, Movant stipulated to the quantity of drugs. The quantity that Movant was held responsible for was clearly set forth on page nine of the Plea Agreement. *See* Plea Agmt at 9. Movant agreed that he would not be sentenced to more than twenty years; he was sentenced to 188 months, which was below the maximum authorized by statute.

Movant's claim that the indictment was defective because it failed to specify the quantity of heroin with which Movant was charged to have possessed is without merit. Accordingly, Ground One provides no basis for relief.

2.   *Ground Two: Defective Indictment Due to Failure to Charge Essential Element*

In Ground Two, Movant contends that the indictment was defective because it failed to charge a prior conviction that was used to enhance his sentence. First, Movant argues that *Jones v. United States,* 526 U.S. 227 (1999), requires that enhancement elements be charged in the indictment. However, *Jones* actually holds that any fact, *other than a prior conviction,* that increases a penalty must be charged in the indictment. *Jones,* 526 U.S. at 249. Thus, Movant's reliance on *Jones* is misplaced, as *Jones* specifically exempts prior convictions from the requirement that facts which increase a penalty must be charged in the indictment. Second, Movant bases much of his argument on his contention that, because the indictment did not charge the aggravating offence, he was denied notice. For the reasons

---

523 U.S. 224 (1998), and does not extend to grand jury indictments. *Apprendi,* 530 U.S. at 477. *See also United States v. Buckland,* 289 F.3d 558, 570 (9th. Cir. 2002) (*Apprendi* does not limit the courts' ability to make drug quantity findings and impose sentences based on those findings if the sentence is within the statutory maximum sentence for the crime).

9

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

the Court has already stated with respect to Ground One, this argument is without merit. Movant was notified that he may be subject to enhancement pursuant to §924(e)(1), as it was clearly stated in the plea agreement that Movant signed. *See* Plea Agmt at 10.[7] Additionally, he received notice in the Presentence Report of his prior convictions. Movant did not challenge or deny the prior convictions.

Movant's Claim that the indictment was defective because it failed to charge the crime that enhanced him to armed career criminal status is without merit. Accordingly, Ground Two provides no basis for relief.

> 3. *Ground Three: Fifth Amendment Violation of Movant's Right to Grand Jury Indictment and Sixth Amendment Violation of the Right to Trial by Jury.*

Movant claims that his Fifth Amendment right to grand jury indictment was violated when the drug quantity and prior arrest record were not charged in the indictment. As already noted, there is no requirement that drug quantity or prior criminal history be charged in the indictment, provided that Movant's sentence did not exceed the statutory maximum. Movant's sentence was below the statutory maximum. Additionally, Movant specifically stipulated to these facts in his plea agreement. He did not contest the Presentence Report, nor did he challenge the indictment on direct appeal. Accordingly, this argument is without merit.

Next, Movant argues that his Sixth Amendment rights were violated when the Court decided facts that only a jury could determine. This argument rests on the erroneous assumption that *Blakely*,

---

[7] Specifically, Movant acknowledged that the "government makes no recommendation or promises regarding the state of the defendant's criminal history." He acknowledged that he was aware of his criminal history and had consulted the preliminary Pre-trial Services report regarding his criminal history. He acknowledged that he could be subject to the provisions of 18 U.S.C. § 924(e). He pleaded guilty with full knowledge of these possibilities and acknowledged that he would not be able to withdraw his plea in the event that the Presentence Investigation Report determined that the foregoing statue and guidelines were applicable to his sentence.

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

as applied to the United States Sentencing Guidelines in the subsequently decided *Booker* opinion, is retroactively applicable on collateral review. The Eighth Circuit Court of Appeals has concluded that *Booker* is not retroactively applicable to cases on collateral review. *See Never Misses a Shot v. United States*, 413 F.3d 781, 784 (8th Cir. 2005). Because Movant pled guilty on April 1, 2004, and *Booker* was decided on January 12, 2005, *Booker* is inapplicable to Movant's case. Furthermore, even if *Booker* were retroactively applied, the Court's finding that Movant had a prior conviction is not subject to a *Booker* challenge because *Booker* specifically states that the new rule does not apply to criminal history enhancements. *Booker,* 125 S.Ct at 756. Finally, "[w]hen a defendant pleads guilty, the State is free to seek judicial sentence enhancements so long as the defendant either stipulates to the relevant facts or consents to judicial fact-finding." *Blakely,* 542 U.S. at 296. Any retroactive application of *Blakely/Booker* would not help Movant because he consented to judicial fact-finding when he made his guilty plea. The Movant agreed that the Court would make the decisions that he now believes should have been made by a jury. Because Movant stipulated to the amount of drugs and the existence of the prior convictions in his Plea Agreement, and his argument relies on the erroneous assumption that *Blakely* is applicable retroactively, his Sixth Amendment argument is without merit.

Movant's claim that his Fifth and Sixth Amendment rights were violated is without merit. Accordingly, Ground Three provides no basis for relief.[8]

---

[8]In his Traverse and for the first time in these proceedings, Movant argues that enhancement statutes are unconstitutional because they violate the Fifth Amendment's proscription against Double Jeopardy and the Fifth Amendment Void for Vagueness Doctrine. Even if the Court were to consider this improperly timed argument, Movant would still not be entitled to the relief he seeks. Movant himself states that "current case law may go against this statement." While Movant may feel that enhancement statutes are unconstitutional, courts have

11

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

4. *Ground Four: Ineffective Assistance of Counsel*

In Ground Four, Movant states that he was denied effective assistance of counsel. As factual support for his claim, Movant argues that his attorney failed to raise the arguments he now makes in Grounds One through Three.

A § 2255 motion may be based upon a violation of the Sixth Amendment right to effective assistance of counsel. 28 U.S.C. § 2255. The United States Supreme Court has held that a showing of ineffective assistance of counsel requires a petitioner to demonstrate: (1) that counsel's performance was deficient in that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed by the Sixth Amendment"; and (2) that "counsel's deficient performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *see also Auman v. United States*, 67 F.3d 157, 162 (8th Cir. 1995). The test articulated in *Strickland* applies to guilty plea challenges premised upon allegations of ineffective assistance of counsel. *Hill v. Lockhart*, 474 U.S. 52, 58

---

consistently upheld their application. Double Jeopardy attaches when one is charged with the same substantive crime in a subsequent trial under circumstances not applicable here. The Eighth Circuit has held that enhancement statutes do not describe substantive crimes and therefore present no double jeopardy problem. *See United States v. Holt*, 149 F.3d 760, 762 (8th Cir. 1998). With regard to Movant's claim of Void for Vagueness, one who challenges the constitutionality of a statute must overcome every presumption in favor of its constitutionality. The power of an appellate court to declare a statute unconstitutional is to be exercised only when absolutely necessary and then with extreme caution. *State v. Moore,* 431 N.W.2d 565, 567 (Minn. Ct. App. 1988). Movant has not overcome this presumption, as he has set forth no facts to support his position that sentence-enhancement statutes are void for vagueness. Movant's arguments with regard to this issue have no support in current law.

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

(1985). To prove ineffective assistance of counsel under the first prong a petitioner must demonstrate that "counsel's representation fell below an objective standard of reasonableness." *Strickland*, 466 U.S. at 688. When evaluating counsel's performance, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689. Even if sufficient proof of the first prong exists, relief may only be obtained if a petitioner also proves that counsel's deficient performance prejudiced the case. *Id.* at 697. In order to satisfy the second prong, (i.e., the "prejudice" requirement), the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial. *Hill*, 474 U.S. at 59. A court may address the two prongs in any order, and, if the petitioner fails to make a sufficient showing of one prong, a court need not address the other prong. *Strickland*, 466 U.S. at 697; *Fields v. United States*, 201 F.3d 1025, 1027 (8th Cir. 2000) ("[i]f we can answer 'no' to either question, then we need not address the other part of the test.").

Here, Movant makes no factual allegations which would satisfy either the first or second prong of the *Strickland* test. Instead, Movant asserts that his attorney should have raised what were essentially meritless claims. Counsel cannot be constitutionally ineffective for failing to raise meritless motions or make meritless arguments. *Thai v. Mapes,* 412 F.3d 970, 978 (8th Cir. 2005). Movant's claim that his counsel's performance was defective is without merit. Accordingly, Ground Four provides no basis for relief.

## IV. CERTIFICATE OF APPEALABILITY

The Court finds that Movant has not made a substantial showing of the denial of a constitutional right, as is required before a certificate of appealability can issue. *See Cox v. Norris,* 133

13

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

F.3d 565, 569 (8th Cir. 1997) (explaining that a "substantial showing" is a showing that the "issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings"). Therefore, the Court shall not issue a certificate of appealability as to any claims raised in Movant's § 2255 Motion.

Accordingly,

**IT IS HEREBY ORDERED** that Stanley Prince's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a person in federal Custody [doc#1] is **DENIED.**

**IT IS FURTHER ORDERED** that the Court shall not issue a certificate of appealability as to any claim raised in petitioner's § 2255 Motion.

Dated this 16th day of November, 2005.

_____
E. RICHARD WEBBER
UNITED STATES DISTRICT JUDGE

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

PDF created with FinePrint pdfFactory trial version www.pdffactory.com